# EXHIBIT B

Electronically Filed
4/29/2026 3:36 PM
First Judicial District, Kootenai County
Jennifer Locke, Clerk of the Court
By: Juliana De Resende, Deputy Clerk

**Casey N. Kinross, ISB: 12471**
111 N. 7th Street, #3386
Coeur d'Alene, Idaho 83816
Telephone: (208) 306-3360
Facsimile: (208) 519-3974
reception@kjboltonlaw.com

**Attorneys for Plaintiff**

### IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

### STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| CYLEIGH NEILS, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>KOOTENAI HEALTH, INC., an Idaho Non-Profit Corporation, AMANDA PRINGLE, an individual, and JACQUELINE GREY, an individual,<br><br>Defendants. | CASE NO. CV28-26-3295<br><br>**COMPLAINT**<br><br>**Filing Fee: AA.3** |

COMES NOW Plaintiff, Cyleigh Neils, by and through counsel of record, CASEY N. KINROSS of BOLTON LAW, PLLC, and alleges the following against Defendants:

### I.    PARTIES

1.1    At all times relevant hereto, Plaintiff, CYLEIGH NEILS ("Ms. Neils"), was a resident of Kootenai County, Idaho.

1.2    Upon information and belief, Defendant, KOOTENAI HEALTH, INC. ("Kootenai Health"), is an Idaho nonprofit corporation organized under the laws of the State of Idaho, with its principal place of business in Coeur d'Alene, Idaho

**COMPLAINT**                                                                     1

Pittman, Ross

1.3    Upon information and belief, Defendant, AMANDA PRINGLE ("Ms. Pringle"), is employed by Kootenai Health, Inc. as a nurse and was directly involved in discriminatory and retaliatory events, giving rise to this action.

1.4    Upon information and belief, Defendant, JACQUELINE GREY ("Ms. Grey"), was the Child Care Services Coordinator for Kootenai Health, Inc. and was involved in the events giving rise to this action.

## II.    JURISDICTION AND VENUE

2.1    Venue is proper in Kootenai County, pursuant to Idaho Code Section 5-404, because all acts and omissions giving rise to Ms. Neils' claims occurred in this county, and Defendants reside, work, and/or conduct business in Kootenai County.

2.2    This Court has jurisdiction over Ms. Neils' state law claims pursuant to Idaho Code Sections 67-5908 and 5-404 and Article V, Section 20 of the Idaho Constitution.

2.3    To the extent Ms. Neils' asserts federal claims in this Court, Ms. Neils' alleges that this Court has jurisdiction to adjudicate those claims because they arise from the same facts, transaction, and employment relationship at issue in Ms. Neils' state-law claims.

## III.    PROCEDURAL REQUIREMENTS

3.1    Ms. Neils' timely filed a Charge of Discrimination against the Kootenai Health with the Idaho Human Rights Commission ("IHRC").

3.2    The IHRC issued a Right to Sue notice on or about January 29, 2026.

3.3    This action was filed within ninety days of Ms. Neils' receipt of the Right to Sue letter as required by law.

COMPLAINT                                                                                    2

3.4    Ms. Neils' has fully exhausted and satisfied all administrative prerequisites to bring her disability discrimination, failure-to-accommodate, and retaliation claims under the IHRA.

## IV.    FACTS

4.1    Ms. Neils' re-alleges and incorporates the proceeding paragraphs as if fully set forth herein.

4.2    Ms. Neils' began employment with Kootenai Health on or about October 24, 2022.

4.3    Kootenai Health is an employer within the meaning of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Idaho Human Rights Act ("IHRA").

4.4    During her employment, Ms. Neils worked primarily as a Child Care Teacher in Kootenai Health's childcare program.

4.5    In that role, Ms. Neils' provided direct care to children, implemented structured learning activities, supported children's social and emotional development, met daily care needs, and communicated regularly with parents.

4.6    Ms. Neils was highly qualified for her position and was able to perform the essential functions of her job, with or without reasonable accommodation.

4.7    Throughout her employment, Ms. Neils' excelled in her role. She was not subjected to any prior discipline and regularly received positive feedback from her supervisors and the parents of children enrolled in the program.

4.8    Upon information and belief, Ms. Pringle was employed by Kootenai Health as a nurse.

**COMPLAINT**                                                                                      **3**

4.9    Ms. Pringle enrolled one of her children in the childcare program.

4.10    Ms. Neils and Ms. Pringle had a friendly and ongoing relationship that extended outside the workplace.

4.11    On more than one occasion, Ms. Pringle hired Ms. Neils to provide private childcare at Ms. Pringle's home.

4.12    On or about July 18, 2025, Ms. Neils' experienced an acute psychiatric crisis stemming from her diagnosed Major Depressive Disorder and Post Traumatic Stress Disorder. In a state of severe desperation and experiencing active suicidal ideation, Ms. Neils' contacted Ms. Pringle seeking immediate assistance and support during a medical emergency.

4.13    Ms. Pringle failed and refused to provide assistance despite knowledge of the severity of Ms. Neils' condition.

4.14    Ms. Neils was hospitalized that same day and was released on or about July 21, 2025.

4.15    Shortly after her hospitalization, Ms. Neils' reported Ms. Pringle's conduct, including her failure to respond appropriately to a known psychiatric emergency.

4.16    Ms. Neils' report concerned conduct by a Kootenai Health employee who later became directly involved in, or materially influenced, the workplace allegations, investigation, and discipline imposed against Ms. Neils.

4.17    On or about July 23, 2025, Ms. Neils requested medical leave under the Family Medical Leave Act for her condition. Specifically, she requested continuous leave

**COMPLAINT**                                                                                    **4**

from July 17, 2025, until July 24, 2025, and intermittent leave beginning of July 22, 2025, through January 22, 2026. The leave was approved.

4.18    In addition to requesting protected medical leave, Ms. Neils requested reasonable accommodations, including monthly meetings with Kootenai Health to address her condition, workplace needs, and continued ability to perform her job.

4.19    On or about July 25, 2025, Kootenai Health human resources representatives met with Ms. Neils and informed her that upon her return to work, she would be stripped of her primary classroom duties and reassigned, constituting a material change in the terms, conditions, and privileges of her employment.

4.20    At this same meeting, Defendant informed Ms. Neils and informed her that she had been accused of "breaking boundaries."

4.21    Furthermore, Ms. Neils attempted to provide her doctor's notes during this July 25, 2025, meeting to support her need for medical leave. However, a human resources representative refused to accept the medical documentation, stating that Kootenai Health required its own specific forms to be completed. Despite Ms. Neils repeatedly asking for these specific forms on multiple occasions, Kootenai Health never provided them.

4.22    On or about August 6, 2025, Ms. Neils provided a medical note from her healthcare provider recommending continued therapeutic treatment and indicating a need for leave.

4.23    On or about August 8, 2025, Ms. Neils was placed on administrative suspension pending an investigation into misconduct allegations.

**COMPLAINT**                                                                                    **5**

4.24    Kootenai Health did not identify any prior written discipline, prior warning, or policy violation that had been previously enforced against Ms. Neils for comparable conduct.

4.25    Upon information and belief, Ms. Pringle wielded significant personal relationships and influence within the workplace, including with the individuals tasked with overseeing the investigation and decision-making process.

4.26    Upon information and belief, Ms. Pringle had told management that Ms. Neils had called her while experiencing a psychiatric emergency.

4.27    Defendant's investigation was tainted by bias, favoritism, and retaliatory motive because Ms. Neils had reported Ms. Pringle's conduct shortly before Defendant suspended and terminated Ms. Neils.

4.28    On or about August 13, 2025, Ms. Neils was terminated.

4.29    Upon information and belief, other employees maintained personal, social, or off-duty relationships with parents or families without being suspended or terminated.

4.30    Ms. Neils provided Defendant with sufficient and timely information to place Defendant on unambiguous notice that she required leave for an FMLA-qualifying condition.

4.31    Defendant knew or should have known of Ms. Neils' disability, including through Mr. Neils' explicit disclosures, medical leave request, hospitalization, and related communications with Defendant's supervisors, managers, and/or human resources representatives.

**COMPLAINT**                                                                 **6**

4.32   Defendant knew or should have known that Ms. Neils' hospitalization, acute psychiatric crisis, suicidal ideation, and need for continuing treatment squarely implicated both FMLA-protected leave and disability-accommodation obligations.

4.33   Before placing Ms. Neils on administrative suspension and/or terminating her employment, Defendant failed to meaningfully consider whether Ms. Neils' conduct, absence, hospitalization, or need for time away from work was related to a protected disability and serious health condition.

4.34   On information and belief, Defendant treated Ms. Neils more harshly than other employees who engaged in comparable caregiving relationships, personal relationships with parents or families, or comparable off-duty conduct. Defendant's selective enforcement of its asserted standards is evidence of pretext.

## V.    FIRST CAUSE OF ACTION
### Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a)

5.1    Ms. Neils' realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

5.2    The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." Major life activities include, but are not limited to, caring for oneself, performing manual tasks, sleeping, concentrating, thinking, communicating, and working. *See* 42 U.S.C. § 12102(2)(A)

5.3    Ms. Neils was disabled within the meaning of the ADA as she suffers from Post Traumatic Stress Disorder and Major Depressive Disorder, which substantially limits one or more major life activities.

**COMPLAINT**                                                                 7

5.4    Ms. Neils was qualified to perform the essential functions of her position, with or without reasonable accommodation.

5.5    Defendant subjected Ms. Neils to adverse employment action, including administrative suspension and termination.

5.6    Ms. Neils' disability, known medical condition, hospitalization, and need for protected leave were substantial and motivating factors in Defendant's decision to suspend and terminate her employment.

5.7    Defendant's stated reasons for its actions were **pretextual, inconsistent, selectively enforced, and not applied to similarly situated employees.**

5.8    Defendant is liable for Ms. Neils' resulting damages.

## VI.    SECOND CAUSE OF ACTION
### Failure to Accommodate in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A)

6.1    Ms. Neils realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

6.2    Ms. Neils was a qualified individual with a disability within the meaning of the ADA.

6.3    Defendant knew of Ms. Neils' disability and related limitations through Ms. Neils' disclosures, hospitalization, request for medical leave, and communications regarding her acute psychiatric crisis and need for continuing treatment.

6.4    Ms. Neils requested reasonable accommodations, including medical leave, time to obtain treatment, time to stabilize following an acute psychiatric crisis, return-to-work planning, and any necessary fitness-for-duty process.

COMPLAINT                                                                                      8

6.5     Ms. Neils' requested accommodations were reasonable on their face and would have allowed Plaintiff to stabilize, obtain treatment, and return to work.

6.6     Defendant did not grant Ms. Neils' requested accommodations.

6.7     Defendant did not engage in a timely, good-faith interactive process, as required by law, despite having actual knowledge of Ms. Neils' disability and request for accommodation.

6.8     Defendant did not request clarification, seek appropriate medical certification, explore temporary leave, consider modified scheduling, evaluate return-to-work options, or assess whether Ms. Neils could continue performing her position with reasonable accommodation.

6.9     Instead, Defendant treated Ms. Neils' disability-related crisis, hospitalization, request for leave, and need for accommodation as misconduct warranting discipline and termination.

6.10    Defendant cannot establish that Ms. Neils' requested accommodations would have imposed an undue hardship.

6.11    Defendant's failure to provide reasonable accommodation violated 42 United States Code Section 12112(b)(5)(A).

6.12    As a direct and proximate result, Ms. Neils suffered damages in an amount to be proven at trial.

## VII.    THIRD CAUSE OF ACTION
### Disability Discrimination Idaho Human Rights Act, I.C. 67-5909

7.1     Ms. Neils realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**COMPLAINT**                                                                                            9

7.2    Ms. Neils had a disability within the meaning of the IHRA.

7.3    Ms. Neils was qualified to perform the essential functions of her position, with or without reasonable accommodation.

7.4    Defendant knew or should have known of Ms. Neils' disability and need for accommodation.

7.5    Ms. Neils requested reasonable accommodation, including medical leave, time for treatment, time to stabilize following an acute psychiatric crisis, and return-to-work planning.

7.6    Defendant failed to provide reasonable accommodation.

7.7    Defendant failed to engage in a good-faith process to determine whether Ms. Neils could perform her job with reasonable accommodation.

7.8    Instead of accommodating Ms. Neils, Defendant suspended, disciplined, and terminated her.

7.9    Defendant's conduct violated Idaho Code Section 67-5909.

## VIII.    FOURTH CAUSE OF ACTION
### Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12203(a)

8.1    Ms. Neils realleges and incorporates by reference all paragraphs set forth above.

8.2    Ms. Neils engaged in statutorily protected activity under the ADA, including requesting reasonable accommodations for her disability and taking medical leave.

8.3    Ms. Neils also engaged in protected activity by reporting conduct she reasonably believed was connected to disability-based mistreatment and improper handling of her known psychiatric emergency.

COMPLAINT                                                                                                10

8.4 Defendant subjected Ms. Neils to adverse employment actions, including administrative suspension and termination of her employment.

8.5 A causal connection exists between Ms. Neils' protected activity and the adverse employment actions.

8.6 The close temporal proximity between Ms. Neils' request for accommodation, her hospitalization, and Defendant's decision to suspend and terminate her supports a strong inference of retaliation.

### IX.   FIFTH CAUSE OF ACTION
### Retaliation in violation of the Idaho Human Rights Act Idaho Code § 67-5911

9.1 Ms. Neils realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

9.2 Ms. Neils engaged in protected activity under the IHRA by requesting reasonable accommodation, requesting disability-related medical leave, and opposing or reporting conduct she reasonably believed violated her rights.

9.3 Ms. Neils also engaged in protected activity by reporting conduct she reasonably believed was connected to disability-based mistreatment, retaliation, and/or improper handling of her known psychiatric emergency.

9.4 Defendant knew Ms. Neils engaged in protected activity.

9.5 Defendant subjected Ms. Neils to adverse employment actions, including administrative suspension, discipline, and termination.

COMPLAINT                                                                 11

9.6     The close temporal proximity between Ms. Neils' protected activity and Defendant's adverse actions supports a causal connection.

9.7     Defendant's stated reasons for its actions were false, exaggerated, selectively enforced, and pretextual.

9.8     As a direct and proximate result, Ms. Neils suffered damages in an amount to be proven at trial.

## X.    SIXTH CAUSE OF ACTION
### Interference with Rights Under the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1)

10.1    Ms. Neils realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

10.2    Ms. Neils was an eligible employee under the FMLA because she had been employed by Defendant for at least twelve months, worked at least 1,250 hours during the preceding twelve-month period, and worked at a location where Defendant employed at least fifty employees within seventy-five miles.

10.3    Ms. Neils suffered from a serious health condition under the FMLA, including an acute psychiatric crisis and suicide attempt requiring inpatient care and continuing treatment by a health care provider.

10.4    Ms. Neils was entitled to FMLA-protected leave.

10.5    Ms. Neils requested and was approved for FMLA leave and provided sufficient notice to trigger Defendant's obligation to designate and administer FMLA leave.

COMPLAINT                                                                    12

10.6 Defendant interfered with, restrained, or denied Ms. Neils' exercise or attempted exercise of FMLA rights by failing to recognize and administer Ms. Neils' leave as FMLA-qualifying, failing to provide a meaningful opportunity to submit medical certification, and failing to protect Plaintiff's right to take leave and return to work.

10.7 Defendant further interfered with Ms. Neils' FMLA rights by using Ms. Neils' protected condition, leave request, need for leave, hospitalization, and crisis-related conduct as negative factors in its decision to suspend, discipline, and terminate Plaintiff.

10.8 Defendant's conduct violated Chapter 29 United States Code Section 2615(a)(1).

10.9 As a direct and proximate result, Ms. Neils suffered damages recoverable under the FMLA, including lost wages, lost benefits, interest, liquidated damages, attorney fees, costs, and other relief permitted by law.

## XI.    SEVENTH CAUSE OF ACTION
### Retaliation for Exercising Rights Under the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(2)

11.1 Ms. Neils realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

11.2 At all relevant times, Defendant was a covered employer and Ms. Neils was an eligible employee under the FMLA.

11.3 Ms. Neils engaged in protected activity under the FMLA by requesting leave, attempting to take leave, taking leave, and opposing or reporting practices made unlawful by the FMLA.

11.4 Defendant knew Ms. Neils engaged in protected activity.

COMPLAINT                                                                                     13

11.5    Defendant subjected Ms. Neils to adverse employment actions, including administrative suspension, discipline, and termination.

11.6    Defendant took adverse action against Ms. Neils shortly after Ms. Neils requested or attempted to exercise FMLA rights.

11.7    Defendant's stated reasons for its actions were false, exaggerated, selectively enforced, and pretextual.

11.8    Defendant retaliated against Ms. Neils for exercising or attempting to exercise rights protected by the FMLA, in violation of Chapter 29 United States Code Section 2615(a)(2).

11.9    The close temporal proximity between Ms. Neils' protected activity and Defendant's adverse actions supports a causal connection.

11.10    As a direct and proximate result, Plaintiff suffered damages recoverable under the FMLA, including lost wages, lost benefits, interest, liquidated damages, attorney fees, costs, and other relief permitted by law.

## XII.    EIGHTH CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

12.1    Ms. Neils realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

12.2    Idaho recognizes a public policy exception to the at-will employment doctrine where an employer terminates an employee for a reason that contravenes a clearly articulated and fundamental public policy.

**COMPLAINT**                                                                                     **14**

12.3    Idaho and federal law reflect a clear public policy favoring access to emergency medical care, protecting employees who seek treatment for serious health conditions, and prohibiting disability-based discrimination and retaliation.

12.4    Ms. Neils furthered that public policy by seeking emergency psychiatric care, obtaining inpatient treatment, requesting medical leave, and attempting to return to work after treatment.

12.5    Defendant terminated Ms. Neils because she experienced a psychiatric emergency, sought treatment, required medical leave, and asserted rights protected by law, all of which are activities protected by clearly articulated public policy.

12.6    Defendant's termination of Ms. Neils violated Idaho public policy.

12.7    As a direct and proximate result, Ms. Neils suffered damages in an amount to be proven at trial.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Ms. Neils prays for relief as follows:

1. Declare that Kootenai Health violated Ms. Neils' rights under the Americans with Disabilities Act, the Family and Medical Leave Act, and the Idaho Human Rights Act;

2. Enjoin Kootenai Health from engaging in further acts of discrimination or retaliation on the basis of disability, and require the Defendant to implement policies and training sufficient to ensure compliance with federal and state anti-discrimination laws;

COMPLAINT    15

3. Award Ms. Neils monetary damages including but not limited to back pay, front pay, lost benefits, and all other compensation and privileges of employment that Ms. Neils was denied as a result of Defendant's unlawful conduct;

4. Award Ms. Neils punitive damages as permitted by law due to the willful and reckless nature of Defendant's conduct;

5. Award Ms. Neils prejudgment and post-judgment interest as permitted by law.

6. Award Ms. Neils reasonable attorneys' fees, expert witness fees, and costs of suit pursuant to Chapter 42 United States Code Sections 1988, 2000e-5(k), 12205 and 2617, and Idaho Code Section 67-5908.

7. Ms. Neils reserves the right to amend this Complaint to add additional parties later discovered, and/or to assert additional claims made applicable through discovery.

DATED this 29th day of April 2026.

BOLTON LAW, PLLC

/s/ Casey Kinross

CASEY KINROSS
Attorney for Plaintiff

COMPLAINT                                                                                      16